**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0089n.06
Filed: February 2, 2006

**No. 05-5165**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DARRY GREER and MICHELLE GREER, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FORD MOTOR CREDIT COMPANY, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MARTIN, NORRIS, and DAUGHTREY, Circuit Judges.

PER CURIAM. The plaintiffs, Darry and Michelle Greer, appeal from the district court's grant of summary judgment to the defendant, Ford Motor Credit Company, on the plaintiffs' claims of racial discrimination, retaliation, and loss of consortium under Title VII, 42 U.S.C. §§ 2000e - 2000e-17, under 42 U.S.C. § 1981, under the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 - 4-21-1004, and under Tennessee state tort law. They maintain that Darry Greer was subjected to racial harassment and to a hostile work environment at Ford Motor Credit and that the defendant then retaliated against him for filing a claim of racial discrimination with the Equal Employment Opportunity Commission. Michelle Greer also derivatively alleges loss of her husband's companionship and services as a result of the harassment and discrimination.

In addressing the plaintiffs' claims, the district court painstakingly analyzed each of the allegations of harassment, discrimination, and retaliation. The court concluded that the hostile work environment assertions under Title VII, § 1981, and the Tennessee Human Rights Act were barred by the applicable statutes of limitations. The district judge then determined that Ford Motor Credit was entitled to summary judgment on the plaintiffs' retaliation claims because the Greers failed to establish either that Darry Greer suffered an adverse employment action or that he was subjected to severe or pervasive retaliatory harassment by a supervisor. In any event, the district court held, even if the plaintiffs had made a prima facie showing of retaliation, the defendant established that it "had installed a readily accessible and effective policy for reporting and resolving complaints of harassment," and that Darry Greer failed to utilize those mechanisms. Finally, the court properly noted that the state law claim of loss of consortium is considered a derivative claim in Tennessee and that "Darry Greer has alleged no tort claim from which his wife's loss of consortium claim may derive."

Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment and dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion entered December 21, 2004.